## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO: 4:05CV-0001-M**

**DAWN D. RIDEOUT**                                                                                              **PLAINTIFF**

**V.**

**MICHAEL H. HOWARD, M.D., et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court upon a motion [DN 21] by the Defendant, Christopher Manger, M.D., to dismiss the medical negligence claim raised against him. Since the Defendant has not specified the basis for his motion, the Court construes it as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

      Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claim that would entitle them to relief. Sistrunk v. City of Strongville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiffs have stated a claim for which the law provides relief.

Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).  Against this standard the Court must deny the Defendant's motion to dismiss.  The complaint clearly alleges a cause of action against Dr. Manger for medical negligence.  For this reason, the Defendant's motion to dismiss under 12(b)(6) is **denied**.

By submitting affidavits and evidence outside of the pleadings (Defendant's Motion to Dismiss, Plaintiff's Response), the parties have attempted to convert the Fed. R. Civ. P. 12(b)(6) motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Fed. R. Civ. P. Rule 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Based on this Rule, the Court may treat a motion to dismiss as a motion for summary judgment and decide the motion pursuant to Rule 56, unless the Court decides to exclude the affidavits.  Cincinnati Ins. Co. v. Hertz Corp., 776 F.Supp. 1235, 1238 (S.D.Ohio,1991); Rebel Motor Freight, Inc. v. Freeman Drywall Co., 914 F.Supp. 1516, 1520 (W.D.Tenn.,1994).  Considering the fact that little or no discovery has taken place, and the affidavits appear to be conflicting, the Court chooses not to convert this motion to one for summary judgment.

For the reasons set forth, **IT IS HEREBY ORDERED** that the Defendant's

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 21] is **DENIED**.

cc: Counsel of Record